**In re RAYMOND, Phillip Lake, Raymond, Vickie Denise, Debtors.**

**Bankruptcy No. 4–88–00829.**

United States Bankruptcy Court,
W.D. Kentucky.

May 15, 1989.

Hugh D. Moore, Owensboro, Ky., for debtors.

Russ Wilkey, Owensboro, Ky., Trustee.

W. Gordon Iler, Owensboro, Ky., for ITT Financial Services & USA Financial Services.

## MEMORANDUM OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

In this chapter 7 case, the court considers the debtors' motions to avoid consensual nonpossessory, nonpurchase money liens asserted by USA Financial Services (hereinafter, "USA") and ITT Financial Services (hereinafter, "ITT") against certain items of the debtors' personal property. Objections to the motions were duly filed by counsel for USA and ITT and on May 2, 1989, a hearing was conducted. For the reasons which follow, we will overrule the debtors' motions.

Before beginning our analysis of the potential voidability of liens against the debtors' property, we observe that motions to avoid nonpossessory, nonpurchase money liens on personal property have become increasingly common in this District. Because the avoidance of such liens is deceptively more complex than it would first appear, and because there is apparent misunderstanding of the manner in which such

avoidance actions must be taken, we are issuing this opinion with the objective of informing the Bar as to the correct procedural method by which the instant variety of lien avoidance motion will be entertained.

The facts of this case are not disputed and may be briefly summarized as follows. On January 27, 1987, in consideration of a loan of $2825.15, the debtors granted USA a lien on four rifles, a 13″ General Electric color television, a Pioneer 8–Track AM/FM stereo and a fireplace insert. Thereafter, on June 9, 1987, the debtors borrowed money from ITT and granted to it a security interest in a General Electric 26″ color television, a General Electric VHS tape recorder and a Pioneer stereo. The debtors subsequently sought chapter 7 relief on January 11, 1989 and now seek to avoid the liens attached to the personal property listed herein, with the exception of the firearms, pursuant to the provisions of 11 U.S.C. § 522(f).

Avoidance of nonpossessory, nonpurchase money liens on personal property necessarily begins as a matter of procedure. In this case the first issue we must address is whether lien avoidance may be decided by the court upon motion or whether an adversary proceeding is required. This is an issue which exemplifies the often curious relationship between the Kentucky Revised Statutes, the Bankruptcy Code and the Rules of Bankruptcy Procedure. It is complicated significantly by Kentucky's mandatory exemption scheme which we will analyze in the following paragraphs.

11 U.S.C. § 522(b)(1) allows any state to avoid utilizing the federal exemption statute codified at 11 U.S.C. § 522(d), in instances where the state expressly elects to "opt out" of the federal exemption provisions and, in substitution, enacts its own exemption statutes. In 1980, the Kentucky legislature enacted K.R.S. 427.170, making Kentucky an "opt out" jurisdiction. Accordingly, we must apply the Kentucky state exemption statute in our bankruptcy cases; section 522(d) exemptions are not alternatively available to Kentucky debtors.

Fed.R.Bankr.Pro. 7001(2) requires that an adversary proceeding be initiated by a party who seeks to have the court determine, "... the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)." When we review the text of Rule 4003(d), we find the following,

"A proceeding by the debtor to avoid a lien or other transfer of property exempt under § 522(f) of the Code shall be by motion in accordance with Rule 9014."

Unfortunately, Rule 4003(d) does not conclude our inquiry. Because section 522(f) allows avoidance of nonpossessory, nonpurchase money liens on household goods, it would appear that such liens could be avoided by motion rather than by adversary proceeding. This is, however, not the case. A close reading of section 522(f) discloses why this is not so, as it provides,

"Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property *to the extent that such lien impairs an exemption to property which the debtor would have been entitled under subsection (b) of this section,* if such lien is—

... (2) a nonpossessory, nonpurchase money security interest in any—

(A) household furnishing, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor." [emphasis supplied.]

■ As noted above, section 522(f) refers to the exemptions available to the debtor under section 522(b). For Kentucky debtors this means the state exemption statutes, K.R.S. Chapter 427. Included as part of Kentucky's exemption scheme is K.R.S. 427.010(4) which provides,

"Notwithstanding any other provision of law, no property upon which a debtor has voluntarily granted a lien shall, to the extent of the balance due on the debt secured thereby, be subject to the provisions of this chapter or be exempt from forced sale under process of law."

The liens here in issue are typical of those consensual liens granted by individuals to consumer finance companies. As the liens are voluntary, the debtor is not entitled, under Kentucky law, to exempt property subject to such liens. Since the debtor is not entitled to an exemption to begin with, no exemption can be impaired. An exemption must be impaired before section 522(f) applies. Since Rule 4003(d) allows lien avoidance by motion only in instances where section 522(f) applies, is not available to the debtor. Bankruptcy Rule 7001 is therefore the applicable rule and it requires the filing of an adversary proceeding.

In this court's view, the requirement of the filing of an adversary proceeding is a harsh, and likely unintended, result of the Kentucky legislature's "opt out" of the federal exemption scheme. We note that, when a debtor seeks to avoid a nonpossessory, nonpurchase money lien on personal property, the value of the property sought to be retained is usually quite small, and is more valuable to the debtor than to anyone else. Frequently, the value of the property sought to be freed from liens is less than the $120.00 fee charged by the Clerk of the Bankruptcy Court for the filing of an adversary proceeding.[1] Considering the fact that adversary proceedings require more attorney preparation than motions and considering the fact that the debtor will have to bear this expense also, the cost of lien avoidance, at least where household goods are involved, becomes prohibitive for many debtors. Bankruptcy Rule 1001 provides, "... These rules shall be construed to secure the expeditious and economical administration of every case under the Code and the just, speedy, and inexpensive determination of every proceeding therein."

We believe that Rule 1001 was designed to permit the court the discretion to insure that those who seek the protection of the bankruptcy laws are not treated unfairly. With a view toward balancing the competing interests of debtors and creditors and keeping in mind the sometimes odd interplay among the various provisions of the Bankruptcy Code, the Rules of Bankruptcy Procedure and the Kentucky exemption statutes, we believe that actions to avoid nonpossessory, nonpurchase money liens in personal property are most economically disposed of by motion practice rather than by adversary proceeding. Accordingly we will hear such avoidance actions by motion where the parties to the dispute consent to such adjudication. In instances where the parties will not consent, we are constrained to require that the debtor file an adversary proceeding. Because we recognize that this requirement would discourage debtors from seeking to avoid liens where a basis for avoidance exists, we are prepared to exercise our broad equitable powers and will, upon timely motion, waive the $120.00 filing fee.

Because the parties to this dispute have neither agreed to be heard by motion nor filed an adversary proceeding, we must overrule the debtors' motion at present, trusting that the instruction presently provided in this opinion will facilitate timely resolution of the matter. So that the Bar is fully apprised of the court's opinion as to the voidability of consensual nonpossessory, nonpurchase money liens in household goods, we offer the following guidance.

 The issue of nonpossessory, nonpurchase money liens in household goods has not escaped the bankruptcy court's scrutiny in the recent past. Recognizing that K.R.S. 427.010(4) prohibits the grant of an exemption where property is encumbered by a consensual lien, the late Judge G. William Brown regularly allowed avoidance of such liens in household goods under a Federal Trade Commission regulation, 16

---

1. During the rulemaking process utilized by the F.T.C. in promulgating § 444, it found as a fact that used household goods are virtually without value to anyone other than the debtor. On some occasions, the F.T.C. noted, creditors took repossessed household goods directly from the debtor's home to the garbage dump. Sometimes the creditor would simply burn the repossessed goods. While we do not suggest that this is the case with the creditors herein, we note that the F.T.C. findings suggest the potentially oppressive use of nonpossessory, nonpurchase money liens in household goods. 49 Fed.Reg. 7763 (March 1, 1984)

C.F.R. ch. 1 § 444. Subsection 444.2 of the regulation provides,

"(a) In connection with the extension of credit to consumers in or affecting commerce, as commerce is defined in the Federal Trade Commission Act, it is an unfair act or practice within the meaning of Section 5 of that Act for a lender or retail installment seller directly or indirectly to take or receive from a consumer an obligation that:

... (4) Constitutes or contains a nonpossessory security interest in household goods other than a purchase money security interest."

Subsection 444.1(i) of the regulation defines "household goods" as,

"Clothing, furniture, appliances, one radio and one television, linens, china, crockery, kitchenware, and personal effects (including wedding rings) of the consumer and his or her dependents, provided that the following are not included within the scope of the term 'household goods:'

(1) Works of art;

(2) Electronic entertainment equipment (except one television and one radio);

(3) Items acquired as antiques; and

(4) Jewelry (except wedding rings)."

We agree with Judge Brown's view wherein he held that nonpossessory, nonpurchase money liens on household goods, while not avoidable under the provisions of K.R.S. 427.010(4), have been declared to constitute "unfair trade practices" by the Federal Trade Commission. Accordingly he held that, since such practices are unlawful, any liens resulting from such unlawful acts are likewise unlawful. Being unlawful, he held that the liens were avoidable by the debtor, where it was shown that the liened goods fell within the F.T.C. definition of household goods as recited herein. We completely agree with Judge Brown's analysis of the issue and will allow avoidance of liens which fall within the scope of the Federal Trade Commission ruling. In instances where a creditor refuses to release a nonpossessory under the F.T.C. definition, we will also consider, on a case by case basis, an award of attorney fees and costs to the plaintiff in the adversary proceeding.

This memorandum opinion constitutes findings of fact and conclusions of law in accordance with Fed.R.Bankr.Pro. 7052.

An order consistent with this opinion will be entered this day.

## ORDER

Pursuant to the attached memorandum opinion,

IT IS ORDERED that the debtors' motion to avoid the liens of ITT Financial Services, Inc. and USA Financial Services, Inc. be, and it hereby is, OVERRULED.

This is a final order.